# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs November 14, 2013

## STATE OF TENNESSEE v. CHAD RICHARD DIETZ

**Direct Appeal from the Circuit Court for Marshall County**
**No. 2012-CR-159    Robert Crigler, Judge**

_____

### No. M2013-01324-CCA-R3-CD - Filed January 24, 2014

_____

Defendant, Chad Richard Dietz, pled guilty to the Class B felony offense of initiation of a process intended to result in the manufacture of methamphetamine. There was no agreement between the State and Defendant as to the sentence. Following a sentencing hearing, Defendant's counsel specifically requested the trial court to impose a sentence of split confinement comprised of 365 days in jail with probation transferred to Alabama, and to include rehabilitation for alcohol and drug abuse. The trial court instead ordered a sentence of eight years and six months of confinement in the Tennessee Department of Correction. In this appeal, Defendant argues that the trial court should have ordered his sentence to be served in the Community Corrections program. Following a thorough review of the record and the briefs, we affirm the judgment of the trial court pursuant to Rule of the Court of Criminal Appeals of Tennessee 20.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Donna Orr Hargrove, District Public Defender; Michael J. Collins, Assistant Public Defender; and William J. Harold, Assistant Public Defender, Shelbyville, Tennessee, for the appellant, Chad Richard Dietz.

Robert E. Cooper, Jr., Attorney General and Reporter; Michelle L. Consiglio-Young, Assistant Attorney General; Robert Carter, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, the State of Tennessee.

## MEMORANDUM OPINION

Our review of the transcript of the sentencing hearing leads us to conclude that the trial court properly applied the purposes and principles of Tennessee's sentencing statutes, and thus the trial court's sentencing decision is entitled to be reviewed under the abuse of discretion standard of review with a presumption of reasonableness to the sentence imposed. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012); *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012).

Reaching the decision to impose a sentence of incarceration instead of any alternative sentence, the trial court found that Defendant was committing the offense in the case *sub judice* when he was served with a warrant for his arrest for violation of probation. Defendant also had multiple other probation violations on other cases, and had multiple prior convictions over a period of several years for domestic violence, attempt to commit burglary, assault and battery, disorderly conduct, and public intoxication. Defendant also admitted to prior use of heroin and cocaine. The trial court stated that it considered the following statutory advisory sentencing enhancement factors, the existence of which were established by the proof in the record:

    (a)    Defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range;

    (b)    Defendant, before sentencing, failed to comply with the conditions of a sentence involving release into the community;

    (c)    At the time Defendant committed the felony offense for which he was being sentenced, he was released on probation.

*See* Tenn. Code Ann. § 40-35-114(1), (8), (13C).

Being sentenced for a Class B felony, Defendant was not entitled to be considered a favorable candidate for alternative sentencing, as is the case for certain situations where a defendant is sentenced for a Class C, D, or E felony. *See* Tenn. Code Ann. § 40-35-102(6)(A). Furthermore, sentences should involve confinement whenever a defendant has a long history of criminal conduct and sentencing dispositions less restrictive than confinement have frequently or recently been unsuccessfully applied to a Defendant. *See* Tenn. Code Ann. § 40-35-103(1)(A) and (C). Both of these criteria describe Defendant's situation.

Defendant did not ask the trial court to sentence him to the Community Corrections program. Defendant offered no proof at the sentencing hearing to show that the Community Corrections program was appropriate for him, especially in light of the fact Defendant's evidence, and request for sentencing, indicated he wanted to leave the State of Tennessee during any non-incarceration portion of the sentence. There is nothing in the record to support a reversal of the trial court's judgment in order to impose a sentence to the Community Corrections program. In fact, Defendant's criminal history of committing domestic violence and assault and battery, without more elaboration, points toward elimination of him as a candidate for sentencing to Community Corrections. *See* Tenn. Code Ann. § 40-36-106(a)(1)(E). Also, without some relevant proof presented by Defendant, sentencing to Community Corrections under the "exception" provided in Tennessee Code Annotated section 40-36-106(c) is not appropriate.

In conclusion, there is no error of law requiring a reversal of the judgment of the trial court. Accordingly, the judgment is affirmed pursuant to Rule of the Court of Criminal Appeals 20.

_____
THOMAS T. WOODALL, JUDGE